

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East, Suite 4000
Charleston, WV 25301
Fax: (304) 347-5104

Mailing Address
Post Office Box 1713
Charleston, WV 25326-1713
(304) 345-2200
1-800-659-8726

FILED
AUG 2 2 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

April 28, 2011

Mark L. French, Esquire
405 Capitol Street, Suite 1007
Charleston, WV 25301

      Re: United States v. Nasser Said Saleh
           Criminal No. 3:11-00074 (USDC SDWV)

Dear Mr. French:

    This will confirm our conversations with regard to your client, Nasser Said Saleh (hereinafter "Mr. Saleh"). As a result of these conversations, it is agreed by and between the United States and Mr. Saleh as follows:

    1. **PENDING CHARGES**. Mr. Saleh is charged in 14 counts of a Twenty-Four count indictment as follows:

        (a) Count One charges Mr. Saleh with a violation of 18 U.S.C. § 371 (conspiracy to transport, receive, possess, purchase and sell contraband cigarettes); and

        (b) Counts Three through Twelve, Fourteen, Fifteen, Seventeen and Eighteen charge Mr. Saleh with violations of 18 U.S.C. §§ 2342(a) and 2 (aiding and abetting the transportation, receipt, possession and purchase of contraband cigarettes).

    2. **RESOLUTION OF CHARGES**. Mr. Saleh will plead guilty to Count One of said indictment, which charges him with a violation of 18 U.S.C. § 371. Following final disposition, the United States will move the Court to dismiss Counts Three through Twelve, Fourteen, Fifteen, Seventeen and Eighteen in Criminal No. 3:11-cr-00074 as to Mr. Saleh.

                                                                   *N-S-S*
                                                            Defendant's initials

Mark L. French, Esquire
April 28, 2011
Page 2                                          Re: Nasser Said Saleh

    3.    **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Mr. Saleh will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a period of 5 years;

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of 3 years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.    **SPECIAL ASSESSMENT**. Prior to the entry of a plea pursuant to this plea agreement, Mr. Saleh will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Saleh will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Saleh fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Saleh.

    5.    **PAYMENT OF MONETARY PENALTIES**. Mr. Saleh agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Saleh further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

                                                                                    *N-S-S*
                                                                              Defendant's
                                                                              initials

Mark L. French, Esquire
April 28, 2011
Page 3                          Re: Nasser Said Saleh

    6. **COOPERATION.** Mr. Saleh will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Saleh may have counsel present except when appearing before a grand jury.

    7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Saleh and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by Mr. Saleh pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Saleh, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Saleh for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Saleh for perjury or false statement if such a situation should occur pursuant to this agreement.

    9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Saleh stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Saleh agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Saleh, and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Saleh or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Saleh or on his behalf. Mr. Saleh knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void

*N-S-S*
Defendant's
initials

Mark L. French, Esquire
April 28, 2011
Page 4                                  Re: Nasser Said Saleh


due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Saleh understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Saleh agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Count One of the Indictment:

USSG §2E4.1 and 2T4.1

Tax loss $30,000 - $80,000

Base offense level                                          14

The United States and Mr. Saleh acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that stated in paragraph 10 above. Nonetheless, Mr. Saleh knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 14. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment


Defendant's initials

Mark L. French, Esquire
April 28, 2011
Page 5                                    Re: Nasser Said Saleh

or fine is within or above the Sentencing Guideline range corresponding to offense level 12.

Mr. Saleh also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Saleh knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Saleh;

(f) Advise the Court concerning the nature and extent of Mr. Saleh's cooperation; and

*N-S-S*
Defendant's
initials

Mark L. French, Esquire
April 28, 2011
Page 6                                            Re: Nasser Said Saleh

    (g) Address the Court regarding the issue of Mr. Saleh's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Saleh violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Saleh in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Saleh in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                  R. BOOTH GOODWIN II
                  United States Attorney

        By: _____
                  CHARLES T. MILLER
                  Assistant United States Attorney

CTM/sdw

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____    7-15-2011
NASSER SAID SALEH                  Date Signed
Defendant

_____    7/15/11
MARK L. FRENCH                     Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 3:11-cr-00074

**NASSER SAID SALEH**

## STIPULATION OF FACTS

The United States and Nasser Said Saleh (hereinafter "Mr. Saleh") stipulate and agree that the facts comprising the offense of conviction (Count One in the Indictment in the Southern District of West Virginia, Criminal No. 3:11-cr-00074) and the relevant conduct for that offense, include the following:

Between September 2010 and January 2011 Mr. Saleh conspired with Basim Ali Talouzi, Nicole Dianne Blankenship, and others to purchase contraband cigarettes. Mr. Saleh knew the cigarettes purchased did not bear a tax stamp for the State of West Virginia or any other jurisdiction.

Between September 2010 and January 2011, Mr. Saleh aided and abetted by Basim Ali Talouzi and Nicole Dianne Blankenship purchased contraband cigarettes in the city of Huntington, West Virginia, on 14 separate occasions.

The total number of contraband cigarettes purchased between September 2010 and January 2011 was 2,534,400. The cigarette excise tax for the State of West Virginia for the times alleged in the indictment was $5.50 per carton. The total tax lost to the State of West Virginia was $69,696.

This Stipulation of Facts does not contain each and every fact known to Mr. Saleh and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____          7-15-2011
NASSER SAID SALEH                  Date
Defendant

_____          7/15/2011
MARK L. FRENCH, ESQUIRE            Date
Counsel for Defendant

_____          8/22/2011
CHARLES T. MILLER                  Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2